**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-7105**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ROBERT EDWARD SILLS, a/k/a Bobby,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:03-cr-00148-AWA-5)

Submitted: November 19, 2013       Decided: November 22, 2013

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Robert Edward Sills, Appellant Pro Se.  Laura Marie Everhart, Benjamin L. Hatch, Assistant United States Attorneys, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Edward Sills seeks to appeal the district court's order treating his filing as a successive 28 U.S.C.A. § 2255 (West Supp. 2013) motion, and dismissing it on that basis. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Sills has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Sills' notice of appeal and informal brief as an application to file a second or successive

§ 2255 motion.  <u>United States v. Winestock</u>, 340 F.3d 200, 208 (4th Cir. 2003).  In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255(h) (West Supp. 2013).  Sills' claims do not satisfy either of these criteria.  Therefore, we deny authorization to file a successive § 2255 motion.[*]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

[*] Insofar as Sills may be seeking relief under 18 U.S.C. § 3582(c) (2006), we agree with the district court that Sills is not eligible for a sentence reduction under the Sentencing Guidelines.

3